# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Case No. 3:14-CV-01855-K |
| | § | |
| TACO JOHN'S INTERNATIONAL, INC. | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT TACO JOHN'S INTERNATIONAL, INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO STRIKE AND MOTION TO CONSOLIDATE WITH CASE NO. 3:14-CV-00763-K-BK AND SUPPORTING MEMORANDUM

C. Dale Quisenberry
John T. Polasek
Jeffrey S. David
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Seth M. Roberts
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8453
Facsimile: (214) 740-8800

*Attorneys for Taco John's International, Inc.*

TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................1

II.   BACKGROUND .................................................................................................................1

III.  ARGUMENT .......................................................................................................................3

        A.    Legal Authority .......................................................................................................3

             1.     Confidentiality of Mediations ....................................................................3

             2.     Standard for Dismissal under Fed. R. Civ. P. 12(b)(6) ...............................4

        B.    DietGoal's Complaint Should be Dismissed ...........................................................5

        C.    DietGoal Has Failed To Plead Each Element of Breach of Contract ......................6

        D.    Alternatively, Allegations Relating to the Mediation Should be Stricken ...............8

        E.    Alternatively, This Case Should be Consolidated with the Patent Case ................10

IV.  CONCLUSION ................................................................................................................10

TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 4, 6

*Berry v. Lee,*
    428 F.Supp.2d 546 (N.D. Tex.2006) ........................................................................... 7

*HydroScience Technologies Inc. v. Whitehall Corporation*,
    401 S.W.3d 783 (Tex. App. Dallas 2013) ................................................................ 4, 6

*In re Beef Indus. Antitrust Litig.*,
    600 F.2d 1148 (5th Cir. 1979) ..................................................................................... 7

*In re Empire*,
    323 S.W.3d 308 (Tex. App. Dallas 2010) ................................................................ 3, 6

*McInerney v. Moyer Lumber & Hardware, Inc.*,
    244 F.Supp.2d 393 (E.D.PA. 2002) ......................................................................... 7, 8

*Sadler v. Benson Motors Corp.*,
    1997 U.S. Dist. LEXIS 7118 (E.D. La.1997) .......................................................... 7, 8

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974) ................................................................................................. 4, 6

*Vick v. Waits*,
    2002 Tex. App. LEXIS 3982 (Tex. App. Dallas Jun. 4, 2002) ..................................... 4

*Woodfield v. Bowman*,
    193 F.3d 354 (5th Cir. 1999) ....................................................................................... 7

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 154.073 ................................................................ 3, 4, 5, 6

Tex. Civ. Pract. & Rem. Code Ann. § 154.053 ....................................................................... 6, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 4

Fed. R. Civ. P. 12(f) ............................................................................................................. 7, 8

Fed. R. Civ. P. 7(a) ................................................................................................................. 8

## I. INTRODUCTION

DietGoal's Complaint for breach of contract for a purported "Mediated Settlement" is predicated on and discloses confidential mediation communications and documents, in violation of Texas law. DietGoal's "allegations" cannot serve as the basis for a claim for breach of contract because Texas Civil Practice and Remedies Code, Chapter 154 prohibits the disclosure and use of communications and documents made by parties during the mediation process. Therefore DietGoal is not entitled to offer evidence regarding the "Mediated Settlement" and its Complaint fails to state a claim upon which relief may be granted. Furthermore, the Complaint does not allege each of the necessary elements for breach of contract under Texas law. Accordingly, DietGoal's Complaint should be dismissed.

If the Court does not dismiss the Complaint, Taco John's moves in the alternative to: (1) strike the mediation allegations (Paragraphs 11-26) from the Complaint, as those allegations utilize mediation communications in violation of Texas law that are immaterial and cause prejudice to Taco John's and the mediation process as a whole; and (2) consolidate the instant breach of contract action with *DietGoal Innovations LLC v. Taco John's International, Inc.*, case no. 3:14-cv-00763-K-BK, currently pending in the Northern District of Texas, pursuant to Judge Godbey's Order dated May 22, 2014, suggesting consolidation (Doc. 5).

## II. BACKGROUND

DietGoal filed a patent infringement action against Taco John's in the Eastern District of Texas on December 7, 2012. Taco John's filed a motion to dismiss that action under 28 U.S.C. 1406 for improper venue. On February 25, 2014, the Court in the Eastern District of Texas denied the motion to dismiss and instead ordered transfer of the action to this District (per DietGoal's request)

(case number 3:14-cv-00763-K-BK "the Patent Litigation").[1] That case is pending in this District. While the earlier case was pending in the Eastern District, Judge Gilstrap appointed Jim Knowles as mediator and ordered the parties to mediate by February 4, 2014.

As mediator, Mr. Knowles undertook numerous discussions with both sides in an effort to settle the case. Taco John's did not consent to the disclosure of any information or communications relating to these discussions. Although progress was made on some terms of a potential settlement, numerous other terms were not agreed upon, and therefore no settlement was reached. Despite the prohibitions of Chapter 154 of the Texas Civil Practice and Remedies Code, DietGoal filed this baseless suit alleging breach of contract for a "Mediated Settlement," that contains allegations of a number of details, including communications that purportedly occurred during the mediation.

For example, DietGoal reveals specific speakers in the mediation in the patent litigation, as well as the content, time, and date of those communications. *See generally*, Doc 1., ¶¶ 11-26. DietGoal also disclosed the contents of, and quoted from, emails to and from the mediator, all without authorization of Taco John's and/or Mr. Knowles, and in violation of Texas law. *Id.* DietGoal even discloses dollar values discussed in the mediation. (Doc. 1, ¶¶ 11,12, 22, 23, 25, 26). DietGoal repeatedly references what it purports to be a "Mediated Settlement" throughout its Complaint. (Doc. 1, ¶¶ 13, 14, 22, 23, 24, 25, 26, and 27).

Taco John's disputes that any settlement agreement was reached, but is refraining here from discussing the confidential mediation communications in order to comply with the provisions of Chapter 154 that have been violated by DietGoal.

---

1   In the Patent Litigation, Taco John's filed a motion to transfer to Wyoming that is pending before the Court. (Doc. 55).

## III. ARGUMENT

### A. Legal Authority

#### 1. Confidentiality of Mediations

Communications made in alternative dispute resolution proceedings are confidential.  *See generally* Tex. Civ. Prac. & Rem. Code Chapter 154.  For example, §154.073(a) provides "a communication relating to the subject matter of any civil...dispute made by a participant in an alternative dispute resolution procedure...is confidential, **is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding."**  Tex. Civ. Prac. & Rem. Code Ann. § 154.073 (a) (emphasis added).  The statute further provides that "[u]nless the parties agree otherwise, **all matters**, including the conduct and demeanor of the parties and their counsel during the settlement process, **are confidential and may never be disclosed to anyone, including the appointing court.**"  Id. § 154.073(c) (emphasis added).

The court in *In re Empire Pipeline Corporation*, 323 S.W.3d 308, 310 (Tex. App. Dallas 2010) considered whether a party could compel discovery of evidence from a mediation that actually resulted (unlike here) in a signed settlement agreement.  The court found that it was an abuse of discretion to permit a party to depose parties who were present at the mediation, as well as the trial court's order that compelled discovery of "any notes or drafts of documents...given to the mediator...in connection with the mediation or the preparation of documents relating to the alleged mediated settlement agreement."  *Id*. at 311.  The court found that "all such discovery is barred by sections 154.073(a) and 154.073(b) of the civil practice and remedies code."  *Id*.

Other courts have similarly enforced Chapter 154.  In *HydroScience Technologies Inc. v. Whitehall Corporation*, 401 S.W.3d 783, 793 (Tex. App. Dallas 2013), the court noted "section 154.053(c)...provides that unless the parties agree otherwise, all matters...during the settlement

process are confidential and may never be disclosed to anyone, including the appointing court." The *Hydroscience* court found that by attempting to "use evidence from the mediation, [the plaintiff was] trying to determine what the parties agreed to in [the mediation]. This is exactly what we have previously held is not allowed." *Id*. at 795. The court in *Vick v. Waits*, 2002 Tex. App. LEXIS 3982, *11 (Tex. App. Dallas Jun. 4, 2002), similarly relied on § 154.073, noting that it expressly prohibits the use of any statements made during a mediation in other proceedings.

### 2. Standard for Dismissal under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Further, the plaintiff must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 550. The issue is not whether a plaintiff or counterclaimant "will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Here, DietGoal's allegations do not raise a right to relief – indeed, Chapter 154 specifically denies DietGoal's attempt to allege and predicate liability over mediation communications. Since DietGoal has no evidence of its breach claim without the confidential mediation communications, and since § 154.073 prohibits DietGoal from using the mediation communications, DietGoal is not "entitled to offer evidence to support their claims." *Scheuer*, 416 U.S. at 236. Further, DietGoal's Complaint does not allege all of the elements of a breach of contract claim.

### B.     DietGoal's Complaint Should be Dismissed

DietGoal's allegations regarding breach of contract disclose – without Taco John's or Mr. Knowles's authorization and in violation of Texas law – confidential communications or information from the mediation proceedings in the patent litigation.  Indeed, DietGoal's entire Complaint is predicated on such communications.  Under §154.073 (a) "a communication relating to the subject matter of any civil...dispute made by a participant in an alternative dispute resolution procedure...is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding." Tex. Civ. Pract. & Rem. Code Ann. § 154.073.  Ignoring this statutory prohibition against such disclosure, DietGoal filed the Complaint in this case, and publically disclosed communications relating to the subject matter of an alternative dispute resolution procedure in violation of Texas law.

Specifically, as described above, Paragraphs 11 through 26 of DietGoal's Complaint include allegations relating to confidential communications (including the content of those communications) made by and between the mediator (Jim Knowles), DietGoal, and Taco John's in a mediation proceeding in the patent litigation. (Doc. 1, ¶¶ 11-26). DietGoal also quoted from emails to and from the mediator, all without authorization and in violation of Texas law. *Id.*  DietGoal, without authorization and in violation of Texas law, even goes so far as to disclose dollar values discussed in the mediation.  (Doc. 1, ¶¶ 11,12, 22, 23, 25, 26).[2]

The details that DietGoal has alleged regarding these communications are not subject to disclosure under Texas Civil Practice and Remedies Code §§ 154.073 (a) and (b), and cannot form the basis of a complaint.  Further, Taco John's did not agree to the disclosure of any of the details

---

2    Showing no regard for the confidentiality of mediation, in DietGoal's Opposition to Taco John's Motion to Transfer in the Patent Litigation, DietGoal argues that Mr. Knowles is a witness. (Doc. 71, at p. 11).

surrounding the mediation. DietGoal's disclosure of these details violates § 154.053(c), which provides: "[u]nless the parties agree otherwise, all matters...during the settlement process are confidential and **may never be disclosed to anyone**, including the appointing court." Tex. Civ. Pract. & Rem. Code Ann. § 154.053(c) (emphasis added). The Complaint alleges no other facts that could form the basis for relief for DietGoal. The entirety of DietGoal's alleged claim for relief relies on disclosures that are prohibited by law. Such evidence is not permitted to be disclosed, by Texas Statute. *HydroScience*, 401 S.W.3d at 795.

Furthermore, DietGoal will not be permitted to conduct any discovery relating to the communications that occurred during the mediation, as "all such discovery is barred by sections 154.073(a) and 154.073(b) of the civil practice and remedies code." *Empire*, 323 S.W.3d at 311. The court in Empire prohibited discovery related to a *signed* settlement agreement; here, no such agreement even exists. In view of this, DietGoal cannot present any evidence in support of its allegations. And, as discussed above, DietGoal will not be able to present any evidence relating to the confidential mediation proceedings.

Since DietGoal is not "entitled to offer evidence to support [its] claims," *Scheuer*, 416 U.S. at 236, and for the other reasons set forth above, DietGoal's Complaint should be dismissed.

### C.   DietGoal Has Failed To Plead Each Required Element of Breach of Contract

DietGoal has also failed to plead the elements of a breach of contract claim under Texas law. The elements of a breach of contract claim under Texas law are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the

---

DietGoal's attempt to treat Mr. Knowles as a witness is prohibited under Section 154.073(b).

defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

Here, DietGoal has failed to allege the first required element – the existence of a valid contract. The face of the Complaint, in fact, admits that no settlement agreement was ever reached. For instance, Paragraph 14 of the Complaint alleges that on April 14, 2014, after the alleged Mediated Settlement, DietGoal's counsel sent a "draft release settlement agreement" to Taco John's counsel. (Doc. 1, ¶ 14).[3] Paragraph 16 alleges that, as of April 18, 2014, the draft agreement was not yet finalized, e.g., "pending the finalization of the release agreement." (Doc. 1, ¶ 16). Paragraph 17 of the Complaint alleges that, on April 23, 2014, Taco John's counsel sent DietGoal's counsel "a redline copy of DietGoal's **draft** release agreement." (Doc. 1, ¶17) (emphasis added). Paragraph 19 of the Complaint allges that, on April 25, 2014, DietGoal's counsel sent Taco John's counsel a "revised release agreement accepting certain requested changes." (Doc. 1, ¶ 19). DietGoal alleges that on May 5, 2014, the "parties agreed to further discuss the release agreement." (Doc. 1, ¶ 20). DietGoal further alleges that, on May 8, 2014 (two weeks prior to the filing of this Complaint), the parties were still discussing "DietGoal's latest draft of the release agreement." (Doc. 1, ¶22).

These allegations demonstrate that no agreement was ever reached. To the contrary, these allegations show that the parties were actively negotiating a *potential* agreement; each allegation refers to a draft of an agreement, a redline, or a proposal, and not a finalized agreement. As such, the negotiation process alleged in the Complaint does not meet the "existence of a valid contract" element required to show a breach of contract under Texas law.

---

3   Taco John's references and quotes from the Complaint are not a violation of Texas Civil Practices and Remedies Code § 154.073. Taco John's is merely addressing DietGoal's allegations.

DietGoal has also failed to plead the second required element of a breach of contract claim – that DietGoal has performed or tendered performance. DietGoal alleged that it "fully performed its obligation under the Mediated Settlement by tendering to Taco John's a proposed release settlement agreement." (Doc. 1, ¶ 24). However, a "proposed release settlement" is not the same as tendering performance. Taken as true, Paragraph 24 indicates that the *actual* performance to be tendered by DietGoal would be the actual grant of "a release by DietGoal of Taco John's of all claims asserted or that could have been asserted against Taco John's relating to the '516 patent in suit." *Id.* DietGoal's mere alleged "tendering" of a proposed release settlement is not an allegation that it has actually granted a release of all claims against Taco John's. Further, Paragraph 24 underscores that DietGoal's allegations demonstrate that no agreement was ever reached between Taco John's and DietGoal. In view of this, DietGoal has failed to plead the second element of breach of contract under Texas law.

Because DietGoal has not pled each required element of a breach of contract claim, it has failed to state a claim upon which relief can be granted and its Complaint should be dismissed.

### D.     Alternatively, Allegations Relating to the Mediation Should be Stricken

If the motion to dismiss is not granted, all allegations related to confidential mediation communications should be stricken from the Complaint. Under Fed. R. Civ. P. 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter … on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). A complaint is one such pleading from which material can be stricken. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); Fed. R. Civ. P. 7(a).

Immateriality is established by showing the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Sadler v. Benson Motors Corp.*, 1997 U.S. Dist. LEXIS 7118, at *1 (E.D. La.1997). Furthermore, striking certain allegations can be appropriate when they "have no possible relation to the controversy and may cause prejudice to one of the parties." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D.PA. 2002); *see also Berry v. Lee,* 428 F.Supp.2d 546, 563 (N.D. Tex.2006). Courts have broad discretion to determine whether the challenged matter should be stricken. *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

DietGoal's allegations that disclose confidential details of the mediation between DietGoal and Taco John's in the patent litigation should be stricken. As discussed above, the confidential details of the mediation are prohibited from disclosure by Texas State law. Applying Chapter 154 to this matter, DietGoal's allegations "can have no possible bearing upon the subject matter of the litigation." *Sadler*, 1997 U.S. Dist. LEXIS 7118, at *1. The allegations in Paragraphs 11 through 26 in the Complaint cause substantial prejudice to Taco John's. First, DietGoal's allegations depict an incomplete picture of the settlement discussions and drafts of a potential agreement. More importantly, DietGoal's allegations reveal Taco John's confidential mediation, business, and/or litigation strategies. *McInerney*, 244 F.Supp.2d at 402. For example, the allegations reveal to the public the types of clauses and releases Taco John's may desire to insert into agreements. DietGoal's allegations also cause prejudice to the very process of mediation by disregarding the confidentiality to which such proceedings are entitled. This undermines the policies underlying mediation – i.e., the encouragement of settlement of litigation. Because the allegations of Paragraphs 11 through 26 are immaterial and cause prejudice to Taco John's, those allegations should be stricken. *McInerney*, 244 F.Supp.2d at 402.

### E. Alternatively, This Case Should be Consolidated with the Patent Case

If the motion to dismiss is not granted, this case should be consolidated with *DietGoal Innovations, LLC v. Taco John's International, Inc.*, case no. 3:14-cv-00763-K-BK, pending in this district. On May 22, 2014, Judge Godbey ordered this case to be transferred to Judge Kinkeade "for possible consolidation." (Doc. 5). If this breach of contract action is not dismissed, judicial economy would be served by consolidating this case with the Patent Litigation, thereby conserving the Court's and the parties' limited resources.

## IV. CONCLUSION

DietGoal's Complaint for breach of contract violated Texas law by relying exclusively on and disclosing confidential communications and documents from a mediation. Such "allegations" cannot serve as the basis for a claim for breach of contract because DietGoal is not entitled to offer evidence regarding the confidential mediation. Furthermore, DietGoal failed to allege each of the necessary elements of a breach of contract claim under Texas law. Accordingly, DietGoal's Complaint should be dismissed.

Alternatively, DietGoal's allegations based on the confidential mediation in the patent litigation should be stricken from the Complaint. Such allegations are immaterial and cause prejudice to Taco John's.

Alternatively, this case should be consolidated with Case No. 3:14-cv-00763-K-BK pursuant to Judge Godbey's May 22, 2014 Order to facilitate judicial economy and conserve the Court's and parties' resources.

Respectfully submitted,

Dated:  June 30, 2014			By: /s/	*C. Dale Quisenberry*
						C. Dale Quisenberry
						State Bar No. 24005040
						dquisenberry@pqelaw.com
						John T. Polasek
						State Bar. No. 16088590
						tpolasek@pqelaw.com
						Jeffrey S. David
						State Bar No. 24053171
						jdavid@pqelaw.com
						POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
						6750 West Loop South, Suite 920
						Bellaire, Texas 77401
						Telephone: (832) 778-6000
						Facsimile: (832) 778-6010

						Seth M. Roberts
						Texas Bar No. 24051255
						sroberts@lockelord.com
						LOCKE LORD LLP
						2200 Ross Avenue, Suite 2200
						Dallas, Texas 75201
						Telephone:  (214) 740-8453
						Facsimile:  (214) 740-8800

						ATTORNEYS FOR TACO JOHN'S
						INTERNATIONAL, INC.

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 30th day of June, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule 5.1(d). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

            /s/   C. Dale Quisenberry